IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAVONDA SNYDER,

        Plaintiff,

vs.                                CIVIL NO.  06-696 LFG/ACT

STATE OF NEW MEXICO,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING THE PARTIES' SEPARATE MOTIONS TO DISMISS,
## BUT IMPOSING A SANCTION FOR NON-COMPLIANCE

THIS MATTER is before the Court on Defendants Administrative Office of the Courts' and State of New Mexico's Motion to Dismiss [Doc. 10],[1] and on Plaintiff Lavonda Snyder's ("Snyder") motion to dismiss [Doc. 7].

Defendant seeks dismissal with prejudice of Snyder's Complaint as a sanction for her failure to comply with mandatory discovery obligations under Rule 26, her failure to cooperate in the preparation of a provisional discovery plan, preparation of the Initial Pretrial Report, and failure to attend a Rule 16 hearing scheduled before the referral magistrate judge, the Honorable Alan C. Torgerson, on October 24, 2006.

In the interim, Snyder filed a motion to dismiss [Doc. 7], but failed to give notice of the motion to opposing counsel.  Consequently, no response to the motion was filed.

---

[1]Plaintiff has improperly named the Administrative Office of the Courts as a Defendant.  The Administrative Office of the Courts is an agency of the State of New Mexico.  However, Snyder's employer is the State of New Mexico.  The Administrative Office of the Courts does not have separate legal status and may not be individually sued.  Therefore, the Court strikes the Administrative Office of the Courts as a Defendant.  In all future pleadings, the *pro se* Plaintiff and counsel for Defendants should include only Defendant State of New Mexico on the caption of all future pleadings.

**Plaintiff's Motion to Dismiss**

The Court conducted a telephonic conference call with Snyder and counsel on December 6, 2006. Each litigant filed a motion to dismiss. Snyder's motion seeks dismissal without prejudice, and Defendant's motion seeks dismissal with prejudice. Neither Snyder nor Defendant filed a formal response to each other's motion. The Court was apprised that Snyder simply wanted dismissal of the litigation in federal court, but wished to continue litigation in State court. Defendant, of course, opposed that request.

Snyder's motion to dismiss is without merit. She seeks to proceed with this litigation, but in a state forum. As this case was properly removed, and the motion to dismiss is based only on a choice of forum preference, Snyder has not stated a legitimate basis for dismissal. Her motion to dismiss is therefore denied.

**Defendant's Motion to Dismiss**

Defendant seeks dismissal of Snyder's case as a discovery sanction due to Snyder's non-compliance with Rule 26 initial disclosures and the Court's own orders and directives. Defendant argues that the Court should impose the sanction of dismissal with prejudice as a result of Snyder's total failure to comply with discovery obligations, rules of the Court and Court orders. For this, Defendant believes that the appropriate sanction is dismissal with prejudice.

Snyder argues that as a *pro se* litigant, she is not familiar with the rules of procedure and, therefore, didn't know of her obligations concerning initial disclosures, preparation of a Provisional Discovery Plan or Initial Pretrial Report. She does not explain, however why she failed to respond to defense counsel's letters inviting her cooperation in the preparation of these documents.

Snyder also argues that she did not attend the Rule 16 conference because she earlier had out-patient surgery on her thumb. She offers no explanation, however, how that out-patient surgery

2

interfered with her obligations to make disclosures, cooperate in the preparation of documents, or attend the hearing. Moreover, she does not state why she did not contact the Court to seek a continuance of the hearing or to participate in the hearing telephonically.[2]

Snyder's failure to make disclosures and to cooperate in the preparation of the Initial Pretrial Report and Provisional Discovery Plan is sanctionable. However, a dismissal with prejudice is the most severe sanction available to the Court and should be used only in those exceptional cases where no other alternative exists. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

Under Ehrenhaus, before the Court can dismiss a case with prejudice as a sanction, the Court is required to consider a number of factors prior to choosing dismissal of the lawsuit as a just sanction. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. With these factors in mind, the Court determines the appropriateness of the sanction in this case.

## Prejudice to Opposing Party

Initial disclosures are required under Fed. R. Civ. P. 26 as a way of expediting the ultimate disposition of litigation and reducing costs. Rule 26 recognizes that parties are entitled to very basic information at the outset, without the need of making a formal discovery request. Thus, initial disclosures are intended to be automatic and to expedite both discovery and the processing of litigation.

---

[2] Ms. Maynes' letter to Snyder invited telephonic participation to save Snyder from having to travel from San Juan County to Albuquerque. However, Snyder failed to avail herself of Ms. Maynes' offer to arrange for telephonic participation at the hearing.

The Rule imposes a deadline for making disclosures. As indicated earlier, Snyder was required to automatically make initial disclosures and provide very basic information to the State. Fed. R. Civ. P. 26(a)(1). This did not occur. Indeed, to date, it has yet to occur.

It was necessary for Defendant to file its Motion to Dismiss requesting the Court's intervention due to Snyder's non-compliance. Thus, even at the time of filing the Motion to Dismiss, the State is without basic information necessary to evaluate the strengths or weaknesses of Snyder's claims. Without information necessary to investigate claims, Defendant is disadvantaged and is forced to incur higher litigation costs in an effort to compel Snyder to comply with her obligations. Additionally, the failure to make initial disclosures and the failure to appear at the Rule 16 conference, of necessity, means that the entire case processing has been delayed. For a defendant, delay equates to higher costs. Defendant will now be required to again clear a calendar to make time available to attend a new Rule 16 conference, and Defendant will undoubtedly incur additional attorney fees.

The Court concludes that Defendant has been disadvantaged as a result of Snyder's non-compliance in that it will incur additional costs and face additional delays. This, of course, can be alleviated by requiring Snyder to reimburse Defendant for costs incurred as a result of her non-compliance.

### Interference With the Judicial Process

Snyder's non-compliance has required the Court to spend much more time and effort on this case than would normally be necessary. Magistrate Judge Torgerson set aside time to conduct a Rule 16 scheduling conference which could not be conducted as a result of Snyder's non-appearance. That conference will now need to be rescheduled, requiring the Court to again set aside time on its busy docket. Thus, it is now taking twice as much time for the Court to conduct a Rule 16 conference than it otherwise would have taken.

Even at this early stage of litigation, Snyder's non-appearance has interfered with Magistrate Judge Torgerson's scheduling and has prompted the undersigned trial judge to address a separate motion to dismiss which would not have been necessary but for Snyder's non-compliance.

The Court concludes that Snyder's failure to comply with Court orders and directives has interfered with the judicial process.

### Culpability of the Litigant

Snyder is a *pro se* litigant. Thus, this is not a case where the failure to comply with discovery obligations or court directives was the fault of the litigant's counsel. If that were so, then counsel would be the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).

As Snyder is handling her own litigation, she is fully responsible for complying with the Federal Rules of Civil Procedure and the Court's local rules, as well as all orders and directives of the Court. While a party has the right to appear as a *pro se* litigant, that party must still comply with all requirements imposed on practicing counsel. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

While the Court may construe a *pro se* litigant's pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972), as it did here with Snyder's letter to the Court which was treated as a motion to dismiss, a *pro se* litigant is not entitled to special consideration in other respects. In other words, every litigant before the Court should be treated fairly, but equally. This would apply to rich or poor, mighty or weak, corporate or individual litigants. Since Snyder represents herself, she is the proper party to assume any sanction imposed by the Court.

### Advance Warning of Possible Dismissal

The Court must consider whether it gave a prior warning that the lawsuit would be dismissed for non-compliance with Court orders, directives or rules of procedure. *See, e.g.*, Willner v. Univ. of Kansas, 848 F.2d 1023, 1030 (10th Cir. 1988). Unless such a warning is given, a party may properly argue that it was unaware that such a severe sanction could be imposed.

In this case, no prior warning concerning the potential consequence of non-compliance was given to Snyder. In the absence of a warning, it would be improper to impose the most severe sanction available to the Court.

### Efficacy of Lesser Sanction

As this is the first request for sanctions, the Court cannot state that a lesser sanction would be insufficient to induce Snyder's future compliance with rules of procedure, orders and directives of the Court.

In this case, the sanction of an award of one hour's attorney fees would serve a dual purpose: (1) it would compensate Defendant for the time lost in attending the prior scheduling conference, thus somewhat ameliorating the prejudice it has suffered as a result of Snyder's non-compliance; (2) an award of fees would serve as a penalty and a financial inducement to ensure that Snyder complies with her obligations in the future.

As the Court has not previously sanctioned Snyder, it anticipates that the utilization of a sanction short of dismissal will be sufficient to compel Snyder to comply with her obligations in the future. Accordingly, the Court directs that Snyder pay Defendant attorney fees equal to one hour of time at Ms. Maynes' standard billing rate.

Within five days of receipt of this Court's Memorandum Opinion, Ms. Maynes shall file an affidavit indicating her standard billing rate and gross receipts tax for one hour of time. Ms. Maynes

shall serve a copy of the affidavit on Snyder. Within fifteen days thereafter, Snyder is required to pay Defendant the attorney fee total outlined in Ms. Maynes' affidavit and to file a certificate with the Court Clerk advising that she complied with the Court's directive. Within the same fifteen-day time period, Snyder shall make all of her required initial disclosures under Rule 26, and under the district's local rules.

Snyder is put on notice that failure to fully make her initial disclosures, or failure to pay the sanction award or any future non-compliance with her obligations under the rules of procedure could result in imposition of additional sanctions, including dismissal of her case with prejudice. <u>Ehrenhaus</u>, *supra*.

## **Conclusion**

IT IS ORDERED that both motions to dismiss [Docs. 7 and 10] are DENIED;

IT IS FURTHER ORDERED that Snyder pay Defendant attorney fees for one hour of time at defense counsel's standard billing rate.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge