IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAVONDA SNYDER,

                     Plaintiff,

    vs.                                            CIVIL NO.  06-696 LFG/ACT

STATE OF NEW MEXICO,

                     Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court on its own Order to Show Cause [Doc. 20], as well as Plaintiff LaVonda Snyder's ("Snyder") letter response.[1]  For the reasons stated herein, the Court dismisses Snyder's lawsuit.

Snyder has a right to represent herself as a *pro se* litigant in civil proceedings.  However, Snyder must nonetheless comply with all rules of practice, pleadings and procedure applicable to any licensed attorney.  In this case, Snyder has repeatedly violated her obligations under the Federal Rules of Civil Procedure.  Specifically, Snyder failed to make mandatory Fed. R. Civ. P. 26 disclosures.  Her failure to comply resulted in the Court issuing a directive that those disclosures be  made no later than January 16, 2007.  Moreover, due to Snyder's failure to comply with her responsibilities under the rules of procedure which compelled Defendant State of New Mexico to file a motion to compel, the Court sanctioned Snyder by ordering her to pay for one hour of defense counsel's time.

---

[1]On February 21, 2007, Snyder mailed a letter to the Court, which is being construed by the Court as a response.

Notwithstanding the Court's explicit directives, Snyder failed to make disclosures.  Indeed, to date, Snyder has failed to make mandatory disclosures or to perform her obligations under the federal procedural rules or the Court's directives.  Snyder did not meet and confer with defense counsel as required, nor did she appear for the Rule 16 scheduling conference even though she had notice.

Defendant filed a motion to dismiss [Doc. 18] and Snyder failed to respond to the motion. Although the failure to respond to a motion constitutes consent to the grant of the motion, pursuant to Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002), this Court opted not to treat the failure to file a response as consent to the grant of the motion, and, instead, directed Snyder to show cause why her Complaint should not be dismissed [Doc. 20].

On February 21, 2007, Snyder sent a letter to the Court indicating that her delay in responding was due to her daughter's sickness.  She provided, however, no information as to how her daughter's sickness prevented her from making initial disclosures in the many months that have elapsed since the Rule 16 conference, or why, to date, she has not complied with her obligations to make initial disclosures.

In Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), the Court is required to consider numerous factors, which were outlined in the Court's earlier Memorandum Opinion and Order [Doc. 14].

The Court previously found that Snyder's failures to comply caused prejudice to Defendant and interfered with the Court's process.  So, too, the Court found that Snyder alone was responsible for the violations.

The Court earlier concluded, however, that Snyder had not been warned that non-compliance could result in the dismissal of her case, nor had the Court sought to compel compliance by use of

a lesser sanction.  Since then, Snyder was specifically warned of the consequences of non-compliance, and the Court attempted to utilize a lesser sanction--an award of attorney fees--as a method of compelling Snyder's compliance.  However, the Court's efforts were to no avail.

Snyder's ongoing non-compliance compels the Court to conclude that lesser sanctions than dismissal would be to no avail.  Thus, the Court determines that the appropriate sanction in this case is dismissal of Snyder's lawsuit.

IT IS THEREFORE ORDERED that Snyder's claims against the State of New Mexico are hereby DISMISSED WITH PREJUDICE.

Lorenzo F. Garcia
Chief United States Magistrate Judge